ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| VILMARIE DOMÍNGUEZ LOZADA<br><br>Apelada<br><br>v.<br><br>MUNICIPIO DE CATAÑO<br><br>Apelante | TA2025AP00639<br><br>cons. con<br><br>TA2025AP00680 | *Apelaciones* procedentes del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: CT2025CV00277 y CT2025CV00287 al 289<br><br>Sobre: Recurso Especial de Revisión Judicial para el Acceso a Información Pública (Ley Núm. 141-2019, según enmendada) |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de febrero de 2026.

La parte apelante, Municipio Autónomo de Cataño, comparece ante nos, al amparo de la Ley Núm. 141-2019, *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública*, 3 LPRA sec. 9911 *et seq.*, (Ley Núm. 141-2019). Interpone los dos recursos apelativos del epígrafe, los cuales por virtud de este dictamen consolidamos, toda vez que competen a las mismas partes y versan sobre la misma materia y controversia.[1]

En esencia, el Municipio solicita la revocación de la *Sentencia* emitida el 3 de octubre de 2025, notificada el día 6 siguiente, en el caso CT2025CV00277; y la *Sentencia* emitida el 10 de octubre de 2025, notificada el día 14 del mismo mes y año, en los casos consolidados CT2025CV00287, CT2025CV00288 y CT2025CV00289, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante los aludidos pronunciamientos, en el caso CT2025CV00277, el TPI rechazó la solicitud

---

[1] Véase, Orden Adminstrativa DJ 2019-316 de 21 de noviembre de 2019, según enmendada por la Orden Administrativa DJ 2019-316A de 28 de julio de 2020, sobre la *Consolidación de Recursos en el Tribunal de Apelaciones y Procedimientos Internos en la Consideración de los Recursos*.

desestimatoria del Municipio; y declaró con lugar el *Recurso Especial de Revisión Judicial para el Acceso a Información Pública*, instado por la parte apelada, Sra. Vilmarie Domínguez Lozada, quien funge además como Legisladora Municipal del ayuntamiento de Cataño. Con relación a la trilogía de casos consolidados en el foro primario, el TPI declaró con lugar de manera parcial las solicitudes de información instadas en los casos CT2025CV00287 y CT2025CV00289; mientras que decretó sin lugar por amplitud el recurso de revisión del caso CT2025CV00288.

Por los fundamentos que expondremos a continuación, anticipamos la confirmación de ambas *Sentencias* impugnadas.

**I.**

**CT2025CV00277**
**(TA2025AP00639)**

El 18 de agosto de 2025, por derecho propio, la señora Domínguez Lozada presentó un *Recurso Especial de Revisión Judicial para el Acceso a Información Pública*, en virtud de la Ley Núm. 141-2019.[2] En dicho documento, expuso que el 17 de julio de 2025 le solicitó al Municipio información pública referente a la contratación o nombramiento de la señora Julibeth Alicea Rodríguez. Sin embargo, a la fecha de la presentación del recurso especial de revisión judicial, aún no la había recibido. Específicamente, la señora Domínguez Lozada solicitó la siguiente información:

1. ¿Cuál es la posición oficial que ocupa el [*sic*] Sra. Julibeth Alicea Rodríguez, dentro del municipio?

2. ¿Existe algún contrato, nombramiento o acuerdo entre el Municipio de Cataño y el Sr. Edwin González Carmona? En caso de afirmativo, favor incluir copia del contrato o documento correspondiente.

3. ¿Por qué se le permite al Sra. Julybeth Alicea Rodríguez, emitir instrucciones a empleados municipales, aún cuando no ocupa un cargo electo ni se ha hecho público vínculo formal con el municipio?

4. ¿Por qué tiene acceso directo a comunicaciones internas como los chats oficiales del municipio?

---

[2] Entrada 1 CT2025CV00277 Sistema Unificado de Manejo y Administración de Casos (SUMAC).

5. De ser Contratista, favor indicar bajo que contrato opera, personal o nombre de su empresa.

6. ¿Cuál es la fuente de fondos utilizada para costear su presencia, servicios u oficina dentro del municipio?

En respuesta, el ayuntamiento de Cataño presentó una *Moción en Oposición y en Solicitud de Desestimación de Recurso por no Cumplir con los Requisitos de la Ley Núm. 141-2019.*[3] En particular, señaló que la señora Domínguez Lozada presentó la petición en su carácter oficial, como Legisladora Municipal de la Legislatura de Cataño, por lo que estaba sujeta a los procedimientos internos y colegiados que regulan las investigaciones y requerimientos de información de dicho cuerpo y no al proceso estatuido en la Ley Núm. 141-2019. Entre otras fuentes legales, en apoyo a su postura, el Municipio citó la reglamentación del cuerpo legislativo colegiado al que pertenece la parte apelada, aprobado por la Legislatura Municipal de Cataño el 24 de febrero de 2021, mediante la Resolución Interna Núm. 2, Serie 2020-2021, conocido como *Reglamento de la Legislatura Municipal de Cataño* (Reglamento). En particular, se fundamentó en el Artículo VIII, *Reglas de procedimiento*; acápite 3, *Reglas de debate en nuestra legislatura*, inciso o, el cual establece lo siguiente:

> La petición de cualquier Legislador a los fines de solicitar información o documentos que se encuentren en poder del Ejecutivo será requerido a través del Presidente en Sesión Ordinaria y toda la petición de información y/o documentos del Cuerpo o que alguna Comisión desee, es este caso deberá tener el consentimiento del Cuerpo o de la Comisión.

Además, el Apelante alegó que la solicitud cursada no cumplía con los requisitos y ámbito de aplicación que establece la Ley Núm. 141-2019. Expuso que una persona que solicita información bajo el referido estatuto debe cumplir con dos requisitos esenciales: (1) que lo haga en su carácter individual de ciudadano; y (2) que la información constituya un documento público, según lo define el Artículo 2.015 del Código Municipal. Arguyó también que lo requerido por la señora Domínguez Lozada no procedía, ya

---

[3] Entrada 5 CT2025CV00277 SUMAC.

que la información solicitada no podía considerarse como un documento público, por ser una interpelación excesivamente amplia, ambigua, no delimita fechas y "no va dirigida a la solicitud de un documento en específico que haya sido originado por el Municipio, se conserve en el Municipio o se haya recibido en el Municipio". Así pues, solicitó la desestimación del recurso.

La señora Domínguez Lozada se opuso a la pretensión del Municipio.[4] Expuso que la interpretación del ayuntamiento era errónea y restrictiva. Aseguró que, contrario a lo que alega el Municipio, la solicitud que presentó la hizo en su carácter individual. Además, sostuvo que la intención del Municipio era convertir un derecho ciudadano en un asunto legislativo interno, para así evadir o impedir la divulgación de la información pública solicitada.

Después de examinar las posturas y argumentos de las partes, el TPI declaró No Ha Lugar la *Solicitud de Desestimación* presentada por el Municipio y Ha Lugar el recurso que sometió la señora Domínguez Lozada.[5] Al justipreciar que la información solicitada era de naturaleza púbica, el TPI ordenó al Municipio que permitiese la inspección del expediente sobre la contratación de la señora Alicea Rodríguez y entregara la siguiente información: (1) posición de la señora Alicea Rodríguez con el Municipio; (2) copia del contrato entre la señora Alicea Rodríguez y el Municipio; y (3) la fuente de fondos para el empleo de ésta.

Inconforme, el 5 de diciembre de 2025, el Municipio acudió ante este foro intermedio mediante el recurso apelativo TA2025AP00639 en el que señaló la comisión del siguiente error:

> ERRÓ EL TPI EN LA APRECIACIÓN DE LOS HECHOS Y EL DERECHO QUE SUSTENTAN LA MOCIÓN EN OPOSICIÓN Y EN SOLICITUD DE DESESTIMACIÓN DE RECURSO POR NO CUMPLIR CON LOS REQUISITOS DE LA LEY NÚM. 141-2019, PRESENTADA POR EL MUNICIPIO AL DENEGARLA Y RESOLVER, INCORPORANDO LA SENTENCIA DICTADA EN EL CASO CT2025CV00228 PARA DETERMINAR QUE

---

[4] Entrada 7 CT2025CV00277 SUMAC.
[5] Entrada 8 CT2025CV00277 SUMAC.

PROCEDE ENTREGAR LA INFORMACIÓN PÚBLICA SOLICITADA POR LA PARTE RECURRENTE-APELADA, A PESAR DE QUE COMPARECE EN SU CARÁCTER OFICIAL DE LEGISLADORA MUNICIPAL A SOLICITAR INFORMACIÓN A LA RAMA EJECUTIVA INVOCANDO LAS DISPOSICIONES DE LA LEY NÚM. 141-2019 CUANDO ESTO CONSTITUYE UNA USURPACIÓN DE LOS PODERES Y FACULTADES DELEGADOS AL PRESIDENTE DE LA LEGISLATURA MUNICIPAL, VIOLENTA LAS DISPOSICIONES DE LA LEY NÚM. 107-2020, SEGÚN ENMENDADA, CONOCIDA COMO CÓDIGO MUNICIPAL DE PUERTO RICO, EL REGLAMENTO DE LA LEGISLATURA MUNICIPAL DE CATAÑO Y LA SEPARACIÓN DE PODERES DISPUESTA EN LA CONSTITUCIÓN DE PUERTO RICO.

El 15 de enero de 2026, la parte apelada, sin someterse a la jurisdicción de este foro curia ni discutir el señalamiento de error argüido, presentó una *Solicitud de Desestimación*.[6] Al día siguiente, emitimos una *Resolución* en la que decretamos No Ha Lugar la petición desestimatoria.[7] El recurso ante nos es una apelación por disposición de ley, no un auto de *certiorari*, 3 LPRA sec. 9919.[8]

## CT2025CV00287, CT2025CV00288, CT2025CV00289 (TA2025AP00680)

El 28 de agosto de 2025, la señora Domínguez Lozada presentó ante el TPI, por derecho propio, dos *Recursos Especiales de Revisión Judicial para el Acceso a Información Pública*.[9] Luego, el 10 de septiembre de 2025, la Apelada instó un tercer *Recurso Especial de Revisión Judicial para el Acceso a Información Pública*.[10] Reproducimos la trilogía de requerimientos:

**CT2025CV00287**[11]

1. Listado detallado de toda la actividadad [*sic*] organizada o apoyada por el municipio.

2. Costo total de la actividad (con desglose).

3. Origen de los fondos utilizados en la actividad:
   a. Fondos municipales
   b. Fondos estatales (incluyendo si recibió ayuda de la entidad del gobierno central).

---

[6] Entrada 4 SUMAC TA2025AP00639.
[7] Entrada 5 SUMAC TA2025AP00639.
[8] Véanse, Sección 7 de la Ley Núm. 156-2025 y Regla 52.2 (c) de Procedimiento Civil.
[9] Entrada 1 CT2025CV00287 SUMAC y entrada 1 CT2025CV00288.
[10] Entrada 1 CT2025CV00289 SUMAC.
[11] Anejo 2 entrada 1 CT2025CV00287 SUMAC.

  c. Fondos privados o donativos externos.

4. Impacto cultural y social de esta actividad en el pueblo de Cataño (incluyendo datos de asistencia, participación comunitaria, beneficios reportados o medidos).

5. Informe de evaluación o resumen, si alguno, preparado por el municipio tras esta actividad.

6. Justificación o criterios utilizados para seleccionar y aprobar dicha actividad.

7. Fechas y contratos de Subastas para esta actividad.

8. Contratos por la[s] compañías encargadas de esta actividad.

## CT2025CV00288[12]

1. Listado detallado de todas las actividades, eventos y festividades organizadas o apoyadas por el municipio desde el año 2021.

2. Costo total de cada actividad, evento, festividades o celebración (con desglose).

3. Origen de los fondos utilizados en cada actividad, even festividades o celebración:
  a. Fondos municipales
  b. Fondos estatales (incluyendo si recibió ayuda de la Compañía de Turismo de Puerto Rico u otras entidades del gobierno central).
  c. Fondos privados o donativos externos.

4. Impacto cultural y social de cada actividad, evento, festividades o celebración en el pueblo de Cataño (incluyendo datos de asistencia, participación comunitaria, beneficios reportados o medidos).

5. Informe de evaluación o resumen, si alguno, preparado por el municipio tras cada actividad.

6. Justificación o criterios utilizados para seleccionar y aprobar dichas actividades.

7. Fechas y contratos de Subastas para cada actividad, evento, festividades o celebración.

8. Contratos por la[s] compañías encargadas de cada actividad, evento, festividades o celebración.

## CT2025CV00289[13]

1. Contratos adjudicados o en trámite con compañías, contratistas, desarrolladores, agencias estatales o municipales para la ejecución de dicho plan.

2. Propuestas presentadas y documentos de licitación (RFP, RFQ o similares).

---

[12] Anejo 2 entrada 1 CT2025CV00288 SUMAC.
[13] Anejo 1 entrada 1 CT2025CV00289 SUMAC.

3. Estudios o evaluaciones técnicas que sustenten la decisión de reubicar a la comunidad.

4. Acuerdos intermunicipales entre Cataño y Bayamón, si existieran, relacionados con la relocalización.

5. Correspondencia oficial (cartas, correos electrónicos, minutas) entre el Municipio de Cataño, agencias estatales y/o federales y entidades privadas sobre este asunto.

6. Fuentes de financiamiento (estatales, federales o privadas) identificadas para el plan.

7. Plan de comunicación a la comunidad, incluyendo fechas, reuniones y actas de participación ciudadana.

El Municipio incoó sendas mociones homónimas intituladas *Moción en Oposición y en Solicitud de Desestimación de Recurso por no Cumplir con los Requisitos de la Ley Núm. 141-2019* por cada recurso.[14] En resumen, esgrimió argumentos similares a los ya reseñados, en cuanto a la exigencia del cumplimiento del procedimiento parlamentario que dicta el Reglamento y en torno a la amplitud y ambigüedad de los requerimientos. La señora Domínguez Lozada se opuso a las peticiones desestimatorias y defendió su reclamo constitucional como ciudadana, al amparo de la Ley Núm. 141-2019.[15]

El 3 de octubre de 2025, el TPI celebró una audiencia en la que convocó los tres casos,[16] pues el Municipio había solicitado la consolidación.[17] La señora Domínguez Lozada expresó su reparo, pues los casos no eran idénticos.[18] El TPI determinó a favor de la consolidación, pero con atención individual a cada solicitud de información. En cuanto a la comparecencia de la señora Domínguez Lozada como Legisladora Municipal, adelantó que no daría paso a la desestimación, toda vez que la Ley Núm. 141-2019 no hace distinción de persona. Las partes dialogaron y el TPI les concedió un plazo para llegar a acuerdos. A esos fines, el 8 de

---

[14] Entrada 7 CT2025CV00287 SUMAC; entrada 7 CT2025CV00288 SUMAC; entrada 9 CT2025CV00289 SUMAC.
[15] Entrada 9 CT2025CV00287 SUMAC; entrada 11 CT2025CV00288 SUMAC; entrada 11 CT2025CV00289 SUMAC.
[16] Entrada 20 CT2025CV00287 SUMAC.
[17] Entrada 11 CT2025CV00287 SUMAC.
[18] Entrada 12 CT2025CV00287 SUMAC.

abril de 2025, el Municipio compareció con una moción en la que dio por sometido los argumentos, pues aun cuando la Apelada aclaró la solicitud de información, consideraba las peticiones excesivamente amplias y generales.[19]

Ponderadas las solicitudes de información, el TPI decretó No Ha Lugar el requerimiento del recurso especial CT2025CV00288 por amplitud, al no establecer fechas especificas ni qué tipo de actividad. En cuanto a las peticiones CT2025CV00287 y CT2025CV00289, las declaró Ha Lugar aunque de manera parcial.[20] En el caso CT2025CV00587, autorizó la divulgación de los contratos de subastas y de las compañías encargadas de la actividad de conmemoración del 4 de julio de 2025 en el Municipio de Cataño. En el caso CT2025CV00589, concerniente al plan de ubicación de residentes de la barriada Juana Matos hacia viviendas en el Municipio de Bayamón, de existir, concedió la entrega de los siguientes documentos públicos: (1) contratos adjudicados para la ejecución de dicho plan; (2) propuestas presentadas y documentos de licitación; (3) estudios o evaluaciones técnicas que sustenten la decisión de reubicar a la comunidad; (4) acuerdos intermunicipales entre Cataño y Bayamón; y (5) toda correspondencia oficial.

No conteste, el 15 de diciembre de 2025, el Municipio presentó la apelación TA2025AP00680 y apuntó el error siguiente:

> PRIMER ERROR: ERRÓ EL TPI EN LA APRECIACIÓN DE LOS HECHOS Y EL DERECHO QUE SUSTENTAN LA MOCIÓN EN OPOSICIÓN Y EN SOLICITUD DE DESESTIMACIÓN DE RECURSO POR NO CUMPLIR CON LOS REQUISITOS DE LA LEY NÚM. 141-2019 PRESENTADA POR EL MUNICIPIO AL DENEGARLA Y RESOLVER QUE PROCEDE ENTREGAR LA INFORMACIÓN PÚBLICA SOLICITADA POR LA PARTE RECURRENTE-APELADA, A PESAR DE QUE COMPARECE EN SU CARÁCTER OFICIAL DE LEGISLADORA MUNICIPAL A SOLICITAR INFORMACIÓN A LA RAMA EJECUTIVA INVOCANDO LAS DISPOSICIONES DE LA LEY NÚM. 141-2019 CUANDO ESTO CONSTITUYE UNA USURPACIÓN DE

---

[19] Entrada 16 CT2025CV00287 SUMAC.

[20] Entrada 19 CT2025CV00287 SUMAC; entrada 16 CT2025CV00288 SUMAC; entrada 15 CT2025CV00289 SUMAC.

LOS PODERES Y FACULTADES DELEGADOS AL PRESIDENTE DE LA LEGISLATURA MUNICIPAL, VIOLENTA LAS DISPOSICIONES DE LA LEY NÚM. 107-2020, SEGÚN ENMENDADA, CONOCIDA COMO CÓDIGO MUNICIPAL DE PUERTO RICO, EL REGLAMENTO DE LA LEGISLATURA MUNICIPAL DE CATAÑO Y LA SEPARACIÓN DE PODERES DISPUESTA EN LA CONSTITUCIÓN DE PUERTO RICO.

Ante la incomparecencia de la señora Domínguez Lozada, una vez transcurrido el plazo concedido por este panel para que presentara su postura,[21] el Municipio nos intimó a dar por sometido el recurso.[22] Evaluado los expedientes de ambas apelaciones consolidadas, procedemos a resolver de conformidad con los hechos presentados y el derecho aplicable, sin el beneficio del alegato de la Apelada.

**II.**

**A.**

El Artículo 409 del Código de Enjuiciamiento Civil dispone, en lo pertinente, que "[t]odo ciudadano tiene derecho a inspeccionar y sacar copia de cualquier documento público de Puerto Rico, salvo lo expresamente dispuesto en contrario por la ley". 32 LPRA sec. 1781. Se trata del derecho de acceso a la información pública que, según ha reconocido el Tribunal Supremo de Puerto Rico, es un corolario necesario de los derechos fundamentales de libertad de expresión, prensa y asociación establecidos en la Sección 4 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico y la Primera Enmienda de la Constitución federal, LPRA Tomo 1. *Nieves v. Junta*, 160 DPR 97, 102 (2003).

El derecho a la información antes mencionado depende de que la información solicitada sea propiamente pública. A esos efectos, el Artículo 3 (p) de la *Ley de Administración y Conservación de Documentos Públicos para el Siglo XXI*, Ley Núm. 107-2025, dispone que se considerará público todo documento que:

---

[21] Entrada 2 SUMAC TA2025AP00680.
[22] Entrada 3 SUMAC TA2025AP00680.

... se origina, conserve o reciba en cualquier dependencia del Gobierno de acuerdo con la ley o en relación con el manejo de los asuntos públicos, incluyendo las publicaciones generadas por las dependencias gubernamentales, y que se tenga que conservar permanente o temporalmente como prueba de las transacciones por su utilidad administrativa, valor legal, fiscal, cultural o informativo, según sea el caso, o que se vaya a destruir por no tener valor permanente ni utilidad administrativa, legal, fiscal, cultural o informativa. Incluye aquellos producidos de forma electrónica o digital que cumplan con los requisitos establecidos por las leyes y reglamentos.

Una vez un documento se ubica dentro de una de las categorías mencionadas, se convierte en un documento público y puede solicitarse su inspección. *Nieves v. Junta, supra,* págs. 102-103; *Ortiz v. Dir. Adm. de los Tribunales,* 152 DPR 161, 176 (2000).

El derecho de acceso a la información pública no es absoluto. *Colón Cabrera v. Caribbean Petroleum,* 170 DPR 582, 591 (2007); *Nieves v. Junta, supra,* pág. 103. Claro está, el Estado no puede negarse caprichosamente y de forma arbitraria a permitir el acceso a los documentos públicos. *Colón Cabrera v. Caribbean Petroleum, supra,* pág. 590. No obstante, el Tribunal Supremo ha reconocido que "un reclamo de confidencialidad por parte del Estado puede prosperar sólo cuando: (1) una ley así lo declara; (2) la comunicación está protegida por alguno de los privilegios evidenciarios que pueden incoar los ciudadanos; (3) revelar la información puede lesionar los derechos fundamentales de terceros; (4) se trate de la identificación de un confidente, y (5) sea 'información oficial' conforme a la Regla 514 de las Reglas de Evidencia, [32 LPRA Ap.VI]". *Bhatia Gautier v. Gobernador,* 199 DPR 59, 83 (2017), que cita con aprobación a *Colón Cabrera v. Caribbean Petroleum, supra,* pág. 591. Además, el peso probatorio corresponde al Estado, si es que pretende justificar cualquier reclamo de confidencialidad, que impida la publicidad de información gubernamental. *E.L.A. v. Casta Developers,* 162 DPR 1, 11 (2004). En atención a lo anterior, el Tribunal Supremo ha opinado lo siguiente:

[T]oda ley que pretenda ocultarle información a un ciudadano bajo el palio de la confidencialidad tiene que justificarse a plenitud. Como regla general, eso se satisface si: (a) la regulación gubernamental cae dentro del poder constitucional del Gobierno; (b) propulsa un interés gubernamental

importante o sustancial; (c) el interés gubernamental no está relacionado con la supresión de la libertad de expresión, y (d) la restricción concomitante del derecho a la libre expresión no es mayor que la esencial para propulsar ese interés. *Nieves v. Junta, supra,* págs. 103-104; *Angueira v. J.L.B.P.*, 150 DPR 10, 24-25 (2000).

## B.

Por otra parte, la *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública*, Ley Núm. 141-2019, fue promulgada con el propósito de establecer la política pública de acceso a la información pública; ordenar, organizar y pautar mecanismos procesales sencillos, ágiles y económicos de acceso real a los documentos e información pública; y consignar principios e instrumentos de garantía a dicho acceso.

En lo atinente al caso, dispone el estatuto como sigue:

.    .    .    .    .    .    .    .

### Artículo 3. - Política Pública

Se establece como política pública del Gobierno de Puerto Rico lo siguiente:

1) La información y documentación que produce el gobierno se presume pública y accesible a todas las personas por igual.

2) La información y documentación que produce el gobierno en sus estudios, transacciones y en el ejercicio de la autoridad pública, de manera directa o delegada, son patrimonio y memoria del pueblo de Puerto Rico.

3) El derecho constitucional de acceso a la información requiere la transparencia gubernamental.

4) Toda información o documento que se origine, conserve o reciba en cualquier dependencia del Gobierno, aunque se encuentre bajo la custodia de un tercero, se presume público y debe estar accesible al Pueblo y la prensa.

5) El derecho de acceso a la información pública es un pilar constitucional y un derecho humano fundamental.

6) El acceso a la documentación e información pública tiene que ser ágil, económico y expedito.

7) Toda persona tiene derecho a obtener la información y documentación pública, sujeto a las normas y excepciones aplicables.

8) El Gobierno de Puerto Rico establece en la presente Ley una política de apertura a la información y documentación, que incluya la disponibilidad de la tecnología y de los avances

necesarios para hacer valer el derecho de los solicitantes a acceder a la información y documentación pública de forma oportuna, objetiva, veraz, completa, reutilizable, procesable y disponible en formatos accesibles, inalterados e íntegros. 3 LPRA sec. 9913.

## Artículo 4. - Divulgación rutinaria de la información

En el Gobierno de Puerto Rico se facilitará el acceso a la información pública y se divulgará rutinariamente a través de sus páginas electrónicas oficiales y mediante otros medios de comunicación la información sobre su funcionamiento, acciones y los resultados de su gestión. La entidad gubernamental tiene el deber de divulgar en su página electrónica oficial, de forma periódica, proactiva y actualizada, la información sobre su funcionamiento, la ejecución y control de las funciones delegadas, así como toda documentación pública que sea realizada por la entidad de forma rutinaria. No serán información pública los expedientes de personal o cualquier información de esta índole. [...] 3 LPRA sec. 9914.

.     .     .     .     .     .     .     .

## Artículo 6. - Solicitudes

Cualquier persona podrá solicitar información pública mediante solicitud escrita o por vía electrónica, sin necesidad de acreditar algún interés particular o jurídico. El Oficial de Información tendrá la responsabilidad de notificar, por email, fax o correo regular, a todo peticionario de información o documentación pública que su solicitud fue recibida y el número de identificación de la misma.

La solicitud de información deberá incluir al menos una dirección o correo electrónico para recibir notificaciones, el formato en que desea recibir la información y una descripción de la información que solicita. 3 LPRA sec. 9916.

## Artículo 7. - Término para hacer entrega o disponible la información pública

.     .     .     .     .     .     .     .

Toda decisión de denegar la divulgación de información pública tiene que especificar por escrito los fundamentos jurídicos en los que se basa la denegatoria o negativa de entregarla en el término establecido.

Los Oficiales de Información cumplen con los parámetros de este capítulo si, según las preferencias del solicitante, realizan una de estas acciones:

(a) Hacen la información disponible al solicitante en las oficinas de la entidad gubernamental para su inspección y reproducción;

(b) Envían información al solicitante por correo electrónico; 3 LPRA sec. 9917.

.     .     .     .     .     .     .     .

**Artículo 12. - Cláusula de interpretación**

La enumeración de derechos que antecede no se entenderá de forma restrictiva, ni supone la exclusión de otros derechos y procedimientos pertenecientes a las personas solicitantes de información pública y no mencionados específicamente como lo es el recurso de *mandamus* tradicional.

Este capítulo deberá interpretarse en la forma más liberal y beneficiosa para la persona solicitante de información pública. En caso de conflicto entre las disposiciones de este capítulo y la de cualquier otra legislación, prevalecerá aquella que resulte más favorable para la persona solicitante de información y documentación pública. 3 LPRA sec. 9922.

### III.

Al sintetizar los argumentos de ambos recursos apelativos, se desprende la alegación del Municipio de que la petición de información instada por la Apelada debe regirse por el Reglamento del ayuntamiento. Explica que la solicitud de información de la señora Domínguez Lozada se hizo en su carácter oficial, no como ciudadana como concluyó el tribunal *a quo*, en contravención a la reglamentación municipal. Sostiene que no existe justificación alguna para que la señora Domínguez Lozada haya obviado los procedimientos internos de la Legislatura Municipal y se haya amparado en el procedimiento que establece la Ley Núm. 141-2019, para requerir la información solicitada.

Añade que el TPI abusó de su discreción al considerar hechos ajenos al expediente, para concluir que no puede restringir los derechos de la señora Domínguez Lozada de obtener información pública. Aduce que el foro primario tomó conocimiento judicial de que la Apelada funge como Legisladora Municipal de minoría, sin que este dato hubiera surgido de los documentos sometidos y sin seguir el procedimiento que establecen las Reglas de Evidencia de Puerto Rico para esos fines, lo que denota que se parcializó a favor de la Apelada. No nos persuade.

En este caso, contrario a lo alegado por el Apelante, el contrato de la señora Alicea Rodríguez sí constituye un documento público, según definido por el Artículo 3 (p) de la Ley Núm. 107-2025 y el Artículo 2.015 del Código Municipal de Puerto Rico, 21 LPRA sec. 7175, sujeto a

inspección ciudadana. *Nieves v. Junta, supra.* Al respecto, el ordenamiento municipal codificado dispone:

> Cualquier persona podrá solicitar que se le permita inspeccionar, copiar, fotocopiar u obtener copias certificadas de cualquier documento público de naturaleza municipal, salvo que expresamente se disponga lo contrario por cualquier ley al efecto. A los fines de este Artículo, "documento público" significará cualquier escrito, impreso, papel, libro, folleto, fotografía, fotocopia, película, microficha, cinta magnetofónica, mapa, dibujo, plano, cinta, disco compacto o cualquier otro material leído por máquina e informativo, sin importar su forma o características físicas y que se origine, se reciba o se conserve en cualquier unidad administrativa, dependencia u oficina del municipio de acuerdo con este Código; [...].
>
> Todo funcionario municipal bajo cuya custodia obre algún documento público de naturaleza municipal está en la obligación de expedir, a requerimiento, copia certificada del mismo previo el pago de los derechos legales correspondientes. Se establecerá por ordenanza los derechos a cobrarse por la expedición y certificación de documentos públicos municipales, los cuales serán razonablemente suficientes para resarcir al municipio los costos de su búsqueda y reproducción. [...] 21 LPRA sec. 7175.

Estimamos que, en efecto, la solicitud de información en el caso CT2025CV00277 se trata de un documento de naturaleza pública que debe conservar el Municipio por su valor legal y fiscal. *Id.* Además, éste debe constar registrado en la Oficina del Contralor de Puerto Rico, como parte del proceso que rige la contratación municipal y el uso de fondos públicos. Artículo 2.014 del Código Municipal, 21 LPRA sec. 7174. Por consiguiente, cualquier ciudadano puede solicitar su inspección, de conformidad con el Artículo 6 de la Ley 141-2029. Debemos puntualizar que el tribunal primario limitó la inspección de la información solicitada a que sólo se provea copia del contrato de la señora Alicea Rodríguez, la posición que ocupa y la fuente de fondos que utiliza el Municipio para la contraprestación del contrato. Reiteramos que la información a revelar es pública y, por ende, debe estar disponible para su inspección por cualquier persona "sin necesidad de acreditar algún interés particular o jurídico". Artículo 6 de la Ley 141-2029.

En lo que compete a la trilogía de casos consolidados, somos de la opinión que el TPI realizó un examen detenido de las peticiones de información de la señora Domínguez Lozada, quien como cualquier persona

está legitimada a solicitarla por virtud de la Ley Núm. 141-2019. En dicho análisis, descartó la solicitud instada en el caso CT2025CV00288 por adolecer de vaguedad, imprecisión y amplitud. No obstante, como reseñamos, el TPI concedió de manera limitada la información a entregar en los casos CT2025CV00287 y CT2025CV00289, acorde con la naturaleza de lo que se ajusta a un documento público y, por ende, sujeto a divulgación. En general, refrendó la entrega de contratos específicos a la conmemoración del 4 de julio de 2025; así como los acuerdos, propuestas, evaluaciones y la correspondencia atinente al plan de ubicación de residentes de Juana Matos al Municipio de Bayamón.

Acerca del argumento que sugiere la sujeción de la petición de información a la reglamentación municipal, es menester mencionar que no surge de los autos que la señora Domínguez Lozada haya solicitado la referida información para asuntos oficiales de la Legislatura Municipal. Tampoco, el Municipio pudo demostrar que la información requerida haya sido para esos fines. Si bien es cierto que, en un principio, la Apelada acotó que su petición la hacía en su carácter de Legisladora Municipal, posteriormente aclaró que la información solicitada era en su capacidad individual como ciudadana. En torno a la imputación de parcialidad del TPI, el Municipio se equivoca. En su *Sentencia*, el TPI se limitó a incorporar las expresiones de otra magistrada en un dictamen distinto, entre el Municipio y otra Legisladora Municipal, identificada con la delegación de minoría (CT2025CV00228), sin ninguna alusión a la delegación a la que pertenece la Apelada. En dicha alocución, en realidad, se destaca que "la Ley Núm. 141-2019 no excluye a los legisladores municipales" y que "[s]ería un contrasentido reconocerle un derecho de acceso a información pública al ciudadano común, pero negárselo a un legislador municipal...".

En suma, después de un examen detenido de los expedientes y la doctrina atinente, concluimos que el TPI no incurrió en los errores imputados al ordenar la divulgación de información, según delimitada por el *nisi prius*, conforme lo solicitó la señora Domínguez Lozada.

**IV.**

Por los fundamentos expresados, confirmamos las *Sentencias* apeladas.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones